**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICROSOFT CORPORATION, | ) | CASE NO. 5:13CV246 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| | ) | |
| vs. | ) | MEMORANDUM OPINION & |
| | ) | ORDER |
| | ) | |
| SOURCE SYSTEMS, INC., et al., | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is a motion for leave and an extension of time to move, answer, or plead in response to the complaint filed by defendants Source Systems, Inc. and Robert W. Martin (collectively "defendants") pursuant to Fed. R. Civ. P. 6(b)(1)(B). (Doc. No. 10.) For the reasons that follow, the motion is **GRANTED**.

Plaintiff Microsoft Corporation ("plaintiff") filed its complaint in this action on February 4, 2013. (Doc. No. 1.) The docket reflects that personal service was made upon defendants on February 6, 2013. (Doc. Nos. 8, 9.) Accordingly, defendants' answer was due on February 27, 2013. Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer: (i) within 21 days after being served with the summons and complaint[.]") Defendants did not file a response to the complaint prior to this deadline.

Instead, on March 5, 2013, defendants filed the instant motion for an extension of time to move, plead or otherwise respond to the complaint, indicating that defendants' insurer

had communicated with plaintiff's counsel via email and had obtained an agreement for an extension of time to respond to the complaint until March 12, 2013. (Doc. No. 10.) The motion states, "Defendants relied on this agreement, although nothing was formally filed with the court." (*Id*. at 51.) Further, defendants assert that they only retained counsel on the date of the motion, March 5, 2013, and an extension would allow counsel time to confer with defendants and prepare an appropriate response. Defendants indicate that they contacted plaintiff's counsel prior to filing their motion, but received no response, nor has plaintiff filed a brief in opposition to the motion.

On March 11, 2013, without awaiting a ruling on their motion for leave and an extension, defendants filed an answer. (Doc. No. 11.)

Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure provides that when a party moves the court to accept a filing after the relevant deadline, the court may "for good cause, extend the time . . . if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b). The Court balances four factors when determining whether to permit a late filing: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether the delay was within the reasonable control of the moving party, and (4) whether the late-filing party acted in good faith. *United States v. Munoz*, 605 F.3d 359, 368 n. 5 (6th Cir. 2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). "The *Pioneer* factors 'do not carry equal weight; the excuse given for the late filing must have the greatest import. While [the others] might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry.'" *Id.* (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)) (alteration in *Munoz* ) (citations omitted). The burden of showing that a failure to act

2

was the result of excusable neglect is to be borne by plaintiffs. *See D.B. v. Lafon*, No. 3:06–CV–75, 2007 WL 896135, at *2 (E.D. Tenn. Mar. 22, 2007). "In this context, where the denial of a motion made pursuant to Rule 6(b) [could] possibly result in the entry of a default or default judgment, 'the excusable neglect standard must be colored by the policy of the federal courts favoring resolution of actions on their merits.'" *Darling v. Lake Cnty. Bd. of Comm'rs*, No. 1:12 CV 194, 2012 WL 1902602, at *7 (N.D. Ohio May 25, 2012) (quoting *Coast to Coast Health Care Services, Inc. v. Meyerhoffer*, No. 2:10–cv–734, 2011 WL 2442656, at *7 (S.D. Ohio June 14, 2011)); *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986).

As to the third factor, defendants assert that they only recently obtained counsel and relied on an agreement with plaintiff's counsel to extend the deadline, which was not filed with this Court. Defendants' failure to obtain counsel sooner, however, was entirely within their control. Further, although not factually directly on point, the Sixth Circuit has noted that "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). "If extensions of time are to be granted to opposing counsel[] . . . Counsel should reduce their agreed extension to writing and should file that agreement. Ideally, court approval of the extension should be obtained." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 400 (6th Cir. 1987). Here, during the time defendants were unrepresented, they should have been aware of and met the deadline for answering or otherwise responding to the complaint. Likewise, if the plaintiff did not object to an

extension of time, the matter should have been presented to the Court for approval. Consequently, the third factor weighs against defendants.

The first, second, and third factors in the balancing test, however, favor defendants. Defendants' delay in seeking an extension was short and was filed just six (6) days after their response to the complaint was due. The Court has yet to set a trial schedule in this case and, therefore, granting defendants leave to file a response to the complaint will not unduly delay or impact the course of these proceedings. Moreover, because this case is still in its infancy, the Court can discern no danger of prejudice to plaintiff in allowing defendants to respond to the complaint, especially in light of the federal courts' policy favoring resolution on the merits. Further, there is no indication that defendants and their attorney have acted in bad faith; indeed, counsel for defendants acknowledged the filing deficiency and acted expediently to address it by filing the instant motion. "[W]hen . . . new counsel moves quickly to cure the delinquency [the] court is more likely to give the non-complying party another chance, even when no excusable neglect is found. . . . In such a case prejudice to the other party is minimal and the court's management of its docket is not seriously affected." *Buck v. United States Dep't of Agric., Farmers Home Admin.*, 960 F.2d 603, 609 (6th Cir. 1992) (internal citation omitted). Thus, on balance, the *Pioneer* factors weigh in favor of defendants.

Therefore, notwithstanding defendants' failure to satisfy the third most critical *Pioneer* factor, because the Court concludes that this delay was not in bad faith, will not prejudice plaintiff, and will have minimal impact on these proceedings, the Court **GRANTS** defendants' motion for leave and an extension of time to move, plead, or otherwise respond to the complaint. Accordingly, the Court deems the filing of defendants' answer as filed with leave, but counsel is cautioned that, in the future, when seeking leave of the Court for an extension of

4

time, he should await a ruling from the Court on such a motion prior to filing the subject document.

       **IT IS SO ORDERED**.

Dated: March 12, 2013

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**

5